IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-02274

LIFELINK FOUNDATION, INC.,

          Plaintiff,

v.

LIFELINK.COM, INC.,

          Defendant.

---

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, LifeLink Foundation, Inc. ("LifeLink") files this Verified Complaint against LifeLink.com, Inc. ("LifeLink.com") seeking an injunction and damages on the grounds of federal trademark infringement, false designation of origin, passing off, false advertising, and common law trademark infringement and unfair competition under Colorado law.

## <u>NATURE OF THE CASE</u>

1.    This is an action for federal trademark infringement, false designation of origin, passing off, and false advertising pursuant to 15 U.S.C. §§ 1114, 1125(a), and for related claims under applicable Federal and State laws arising out of and in connection with LifeLink.com's unauthorized use of the trademark "LifeLink" in commerce in connection with the marketing and sale of its subscription-based healthcare software and conversational patient engagement platform utilizing chatbots.[1]

---

[1] A chatbot is a software program, or part of a software program, that is designed to simulate conversations with human users, especially over the internet or via text messages.

**PARTIES**

2.      Plaintiff LifeLink is a non-profit community service organization founded in 1982 and based in Tampa, Florida.  LifeLink is dedicated to the recovery of life-saving and life-enhancing organs and tissues for transplantation therapy.

3.      Defendant LifeLink.com is a Delaware corporation formed in May of 2015 that has offices in Oakland, California and Denver, Colorado.  LifeLink.com provides healthcare-related products and services via its software platform.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 in that this civil action arises under the Trademark Laws of the United States, Lanham Act 15 U.S.C. § 1051 *et seq.*

5.      This Court has original jurisdiction over this action over LifeLink's claims arising under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 *et seq* and has jurisdiction over any state claims pursuant to 28 U.S.C. § 1331, 1367.

6.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) with respect to claims under the laws of the State of Colorado, insofar as such claims are so related to other claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      This Court has personal jurisdiction over LifeLink.com and venue is proper in this District, including pursuant to 28 U.S.C. §§ 1391(b) and (c), because LifeLink.com has offices in

2

Denver, Colorado, does business in Colorado, and a substantial portion of the events giving rise to LifeLink's claims occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

I.      **LIFELINK**

8.      LifeLink is a world-renowned organization dedicated to the procurement of organs within hospitals through its organ procurement programs and to the recovery and supply of organs and tissues for transplantation therapies throughout the United States and internationally.

9.      As part of the Organ Procurement and Transplantation Network—a federally mandated network created by and overseen by the United Network for Organ Sharing—LifeLink evaluates and procures deceased-donor organs for recovery and transplantation.  LifeLink is the sole federally designated Organ Procurement Organization ("OPO") for three of the fifty-eight federally established service areas for purposes of organ procurement: LifeLink of Georgia procures organs in Georgia, LifeLink of Puerto Rico procures organs in Puerto Rico and the U.S. Virgin Islands, and LifeLink of Florida procures organs on the west coast of Florida and in Martin County, on Florida's east coast.  Organs procured and recovered by LifeLink are transplanted across the United States.

10.     In addition, the LifeLink Tissue Bank operates nationally and internationally in the highly competitive tissue transplantation arena.  LifeLink Tissue Bank is one of the largest non-profit tissue banks in the United States, and places tissue in the all 50 states (plus the District of Columbia and Puerto Rico), the United Kingdom, Barbados, Canada, the Republic of China, the Dominican Republic, Ecuador, Germany, Korea, New Zealand, Peru, Saudi Arabia,

3

Switzerland, and the United Arab Emirates.  LifeLink Tissue Bank works directly with numerous hospitals and some of the largest healthcare and medical device companies to provide tissue and related products.

11.     LifeLink also supports research efforts to enhance the available supply of organs and tissue for transplant, and through its Transplantation Immunology Laboratory, it improves clinical outcomes of patients by matching potential donors and recipients.

## II.     LIFELINK'S TRADEMARKS

12.     Over thirty years ago, LifeLink adopted the marks LIFELINK and LIFELINK (logo) (the "LIFELINK Common Law Marks") in connection with its organ procurement, recovery, and placement services, tissue banks, research, and related goods and services, and has been marketing and selling such organ and tissue-related goods and services under the LIFELINK Common Law Marks ever since.

13.     As such, the LIFELINK Common Law Marks have been used to identify and distinguish LifeLink's organ and tissue-related services from those of others for several decades.

14.     In addition, LifeLink has established substantial goodwill and valuable customer recognition in its LIFELINK Common Law Marks locally, statewide, nationwide, and internationally through its marketing efforts and otherwise.

15.     LifeLink also owns several federal trademark/service mark registrations for its LIFELINK trademarks with the United States Patent and Trademark Office ("USPTO"), including, LIFELINK, Registration No. 2,484,196; LIFELINK (Logo), Registration No. 3,339,352; and LIFELINK LEGACY FUND, Registration No. 3,439,932 (the "LIFELINK® Marks," and together with the LIFELINK Common Law Marks, the "LIFELINK Marks").

4

16.     Specifically, the Registered Marks are as follows:

a.      <u>Reg. No. 2,484,196</u> (September 04, 2001): for LIFELINK as a Service Mark in International Class 041 for Educational Service and International Class 042 for services related to transplantation of human organs and tissue in, namely, human organ and tissue procurement, processing and preservation services [medical and] laboratory services relating to organ and tissue transplantation, [comprehensive medical, surgical and trans-plant care,] medical research services [and counseling services] for transplant patients, with a date of first use in commerce in 1988.

b.      <u>Reg. No. 3,339,352</u> (November 20, 2007): for LIFELINK's Logo, in International Classes 41, 42, and 44, with a date of first use in commerce in 1988.

c.      <u>Reg. No. 3,439,932</u> (June 3, 2018): for LIFELINK LEGACY FUND as a Service Mark in International Class 036 for charitable fundraising services in support of medical care, direct patient assistance, patient care, research and development, endowment, organ procurement, human organ and tissue transplantation and donation, medications for patients, and services related to the medical field with a first use in commerce date of June 30, 1998.

17.     LifeLink has renewed the LIFELINK® Marks, and those marks are still active and in use in commerce today.

18.     One of the LIFELINK® Marks – United States Registration No. 2,484,196, for LIFELINK – is incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

19.     The LIFELINK® Marks are conceptually strong in that they are arbitrary for use in connection with LifeLink's goods and services.

20.     LifeLink has invested substantial time, money, and effort in developing the goodwill associated with the LIFELINK Marks in connection with its healthcare business.  In particular, LifeLink has spent more than $42 million since 2003, and more than $10 million in

the last three years alone, marketing and promoting its mission together with its valuable intellectual property.

21.     LifeLink also spends upwards of $1 million annually to maintain its visibility and brand awareness in the highly competitive nationwide tissue bank industry.

22.     The LIFELINK Marks are inherently distinctive trademarks, and as such, they have acquired special significance as the name of a distinct and recognized healthcare foundation that has been actively procuring organs for transplant since 1982 and which has registered LIFELINK as a service mark with the USPTO since as early as 2001.

## III.    LIFELINK.COM'S INFRINGEMENT OF LIFELINK'S MARKS

23.     On or about July 8, 2019, LifeLink learned that LifeLink.com was using the LIFELINK Marks for its healthcare-related business unlawfully and without LifeLink's authorization.

24.     LifeLink has since learned that LifeLink.com is using the LIFELINK Marks, in similar channels of trade, in a manner that is identical to the LIFELINK Marks, is not within fair use, and is without LifeLink's authorization, in connection with the advertising and offering of its subscription-based software for health care facilities, in its conversational patient engagement platform, and in its marketing materials, advertisements, and websites for such business.

25.     LifeLink.com's "LIFELINK" mark is identical or nearly identical to the LIFELINK Marks in appearance, sound, connotation, and commercial impression.

26.     LifeLink.com improperly uses the LIFELINK Marks in its mark in connection with its software and patient engagement platform for a healthcare related business in a manner

6

that suggests an affiliation with LifeLink, especially since LifeLink's business is also in the healthcare field.

27.     LifeLink.com's improper use of the LIFELINK Marks in its mark is particularly concerning because LifeLink.com's software is marketed and sold to health care facilities, including large hospitals and healthcare research companies, which have a history of doing business with or otherwise being associated with LifeLink.

28.     LifeLink.com is not authorized to use the LIFELINK Marks in its mark in connection with its activities related to the healthcare industry, including targeting LifeLink's existing clients and other healthcare providers and suppliers.

29.     LifeLink.com has never asked for, nor obtained, permission from LifeLink to use the LIFELINK Marks in its mark in connection with its healthcare-related business.

30.     LifeLink.com's improper use of the LIFELINK Marks in its marks gives consumers the false impression that LifeLink.com is either endorsed by or affiliated with LifeLink, which—in light of its similar focus on healthcare industry—is likely to cause confusion among reasonable consumers of such products.

31.     LifeLink.com's website and other promotional materials are misleading consumers of LifeLink's products and services into believing there is an association and/or affiliation between LifeLink and LifeLink.com.

## IV.     LIFELINK'S ATTEMPTS TO RESOLVE THE MATTER SHORT OF LITIGATION

32.     On August 16, 2019, counsel for LifeLink sent a cease and desist letter to LifeLink.com addressing the matter of its trademark infringement.

33.     On September 24, 2019, counsel for LifeLink.com sent a response letter to counsel for LifeLink refusing to make any changes to its name and/or its continuing use of the LIFELINK Marks in its own marks.

34.     On January 27, 2020, counsel for LifeLink sent an email to counsel for LifeLink.com again stating its preference to resolve the matter informally and requesting an opportunity to discuss the matter telephonically.  Counsel for the parties spoke on the phone on or about January 31, 2020, but LifeLink.com again refused to cease its unlawful conduct.

35.     On July 23, 2020, counsel for LifeLink sent another email to counsel for LifeLink.com inquiring once more as to whether LifeLink.com would consider resolving the dispute short of litigation.  Between July 23, 2020 and July 31, 2020, counsel for the parties exchanged several emails and principals for the parties engaged in two telephone conversations. Again, LifeLink.com refused to cease its unlawful conduct.

## V.     THE CONSEQUENCES OF LIFELINK.COM'S INFRINGEMENT

36.     LifeLink.com's inappropriate and prominent use of "LIFELINK" in connection with its name in a healthcare-related business is likely to confuse, and, on information and belief, has confused, the consuming public to such an extent that the public will believe that LifeLink.com and LifeLink are related parties when, in fact, they are not.

37.     As a result of LifeLink.com's trademark infringement and other illegal actions, LifeLink has been and is continuing to be irreparably harmed.

38.     As a result of LifeLink.com's trademark infringement and other illegal actions, LifeLink has also suffered damages in an amount to be determined.

## COUNT I
## Federal Trademark Infringement – 15 U.S.C. §§ 1114

39.     LifeLink reincorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

40.     LifeLink's LIFELINK® Marks are inherently distinctive and/or have established secondary meaning as evidenced by their registrations with the USPTO.

41.     LifeLink.com has engaged in the acts set forth above in bad faith to cause confusion and to deceive and defraud both the public and consumers of LifeLink's healthcare-related services.

42.     As set forth above, LifeLink.com has, without LifeLink's consent, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the LIFELINK® Marks in connection with its name and marketing of its healthcare-related business.

43.     The unauthorized use of the LIFELINK® Marks by LifeLink.com is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the source, relatedness, affiliation, connection, or association of LifeLink.com and its products and services with those of LifeLink.

44.     LifeLink.com's actions constitute violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

45.     LifeLink.com's conduct has and will continue to cause confusion to, mistake by, and deception of customers as to the relatedness and source of LifeLink.com's services and/or its relationship with LifeLink.

9

46.     As a direct and proximate result of LifeLink.com's deliberate and intentional infringement, LifeLink has suffered and continues to suffer irreparable harm for which it has no adequate remedy at law.

47.     LifeLink.com's conduct has and will continue to cause irreparable harm to LifeLink unless enjoined by this Court.

48.     LifeLink.com's deliberate and intentional infringement makes this an exceptional case under 15 U.S.C. § 1117(a) and allows for the award of LifeLink.com's profits, treble damages, and the costs of the action including its reasonable attorneys' fees and costs.

**COUNT II**
**False Designation of Origin – 15 U.S.C. § 1125(a)**

49.     LifeLink incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

50.     LifeLink.com's actions in using the LIFELINK® Marks in connection with its name and marketing for healthcare related services constitute a false designation of origin, sponsorship, or approval in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     LifeLink.com has improperly promoted its business via its website and social media to potential customers of LifeLink and, in doing so, has misrepresented the nature of its business to be those of and/or related to LifeLink.

52.     LifeLink.com has and continues to engage in the aforementioned acts with the intent to deceive and defraud the public and consumers of LifeLink's healthcare-related services to pass and palm off LifeLink.com's healthcare software as being affiliated with, or sponsored by, LifeLink.  LifeLink.com's improper and infringing acts have created and are likely to

10

continue to create confusion in the minds of reasonable consumers as to the affiliation and sponsorship of its activities by LifeLink.

53.     LifeLink.com's misrepresentations to customers and potential customers by the use of marketing and promotion of the infringing name on its website and social media constitute a false designation of the origin of the services entering commerce on behalf of LifeLink.com and are false descriptions and representations of these healthcare-related goods and services.

54.     These misrepresentations have and will continue to cause confusion to, mistake by, and deception in the minds of reasonable consumers as to the source of origin of the healthcare goods and services being sold by LifeLink.com and its agents and as to the existence of an affiliation between LifeLink.com and LifeLink, causing irreparable injury to LifeLink.

55.     LifeLink.com's conduct has and will continue to cause irreparable harm to LifeLink unless enjoined by this Court.

56.     LifeLink.com's conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     LifeLink.com's infringement has been and continues to be willful and in bad faith because of the continued infringing activities despite actual knowledge of LifeLink's registration of the LIFELINK® Marks and its rights and demands to stop using the LIFELINK® Marks.

58.     As the direct and proximate result of LifeLink.com's deliberate and intentional infringement, LifeLink.com has unlawfully profited and LifeLink has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III
### Passing Off – 15 U.S.C. § 1125(a)

59.     LifeLink incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

60.     By distributing, marketing, and otherwise exploiting itself as related to LifeLink and the LIFELINK® Marks in interstate commerce, LifeLink.com is passing off its goods and services to the public as if they were associated with LifeLink.

61.     As a result, members of the healthcare and healthcare research industries have been and will continue to be reasonably deceived and/or confused into believing that by utilizing software and/or services from LifeLink.com that they are actually working with a business that is affiliated with, related to, and/or endorsed by LifeLink.

62.     LifeLink is seriously injured by such deception as LifeLink.com's business is not affiliated with, related to, and/or endorsed by LifeLink.

63.     By engaging in the wrongful conduct described herein and above, LifeLink.com has violated the passing off restrictions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Because LifeLink.com has engaged in the conduct described herein with actual knowledge of the harm being caused to LifeLink by such wrongful conduct and acts, this is an exceptional case, which merits an award of treble damages and attorneys' fees against LifeLink.com.

65.     LifeLink.com's acts and conduct have caused and will continue to cause LifeLink great and irreparable injury that cannot be adequately compensated or measured in damages. LifeLink has no adequate remedy at law and has suffered and will continue to suffer irreparable

loss, damage, and injury unless LifeLink.com enjoined from continuing to engage in such wrongful conduct.

## COUNT IV
### False Advertising – 15 U.S.C. § 1125(a)

66.     LifeLink incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

67.     LifeLink.com's unauthorized direct and indirect use of the LIFELINK® Marks, as described above, in conjunction with the commercial advertising and promotion of its healthcare-related business marketed to hospitals, healthcare, and healthcare research facilities, constitutes unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     LifeLink.com's direct and indirect false statements and misrepresentations concerning its affiliation and/or association with LifeLink are material in that the representations are likely to influence, and have influenced, the purchasing decisions of consumers.

69.     LifeLink.com's misrepresentations violated, and continue to violate, the Lanham Act in that the misrepresentations have actually deceived, or have the tendency to deceive, a substantial segment of the healthcare and healthcare research-consuming public that LifeLink.com is targeting with its false and misleading advertising, marketing, and promotional materials.

70.     Alternatively, because the LifeLink.com's statements are literally false, there is a presumption under the Lanham Act that the statements actually misled, and continue to mislead, consumers.

13

71.     LifeLink.com violated the Lanham Act by placing in interstate commerce, or contributing to or acquiescing in its placement, the false and/or misleading statements that its products and/or services are LifeLink products and/or services.

72.     LifeLink.com's actions herein have been willful, wanton, reckless, undertaken in bad faith, and with the intent to deceive and misrepresent the true nature of the LifeLink.com's healthcare products as being those of LifeLink, to LifeLink's detriment and LifeLink.com's benefit.

73.     As a direct and proximate result of LifeLink.com's false and misleading advertising and promotions, LifeLink has suffered, is suffering, and will continue to suffer damages.

## COUNT V
### Damages – 15 U.S.C. § 1117

74.     LifeLink incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

75.     LifeLink.com has actual knowledge and is aware of the LIFELINK® Marks' registration with the USPTO via, at the latest, the letter sent by LifeLink's counsel to LifeLink.com in August of 2019.

76.     LifeLink.com's deliberate and deceptive use of the LIFELINK® Marks has been done with knowledge and intent to cause confusion, mistake, and deception in the healthcare industry.

77.     As a result, LifeLink has been damaged in its business, and LifeLink.com has wrongfully profited therefrom.

78.     Accordingly, LifeLink is entitled to money damages of LifeLink.com's profits pursuant to 15 U.S.C. § 1117(a), (b) and 15 U.S.C. § 1111.

**COUNT VI**
**Trademark Infringement – Colorado Common Law**

79.     LifeLink incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

80.     LifeLink is the owner of protectable rights in and to the LIFELINK Common Law Marks in connection with healthcare and healthcare research-related products and services.

81.     The LIFELINK Common Law Marks have achieved secondary meaning through LifeLink's continued and widespread use for over thirty years in connection with, inter alia, healthcare and healthcare research-related products and services.

82.     LifeLink has established goodwill associated with these marks and LifeLink.com is trading upon LifeLink's goodwill through unauthorized and unlicensed use of the LIFELINK Common Law Marks

83.     LifeLink.com's intentional unauthorized use of a confusingly similar designation for its closely related healthcare and healthcare research-related products and services, namely "LIFELINK," has caused, and unless enjoined is likely to continue to cause, confusion, mistake, or to deceive the purchasing public to the damage of LifeLink.

84.     LifeLink.com's intentional unauthorized use of the name "LIFELINK," which appropriates the entirety of the LIFELINK Common Law Marks, in connection with the promotion and sale of LifeLink.com's closely related healthcare and healthcare research-related

15

products and services constitutes an infringement of LifeLink's preexisting and long-standing rights in the LIFELINK Common Law Marks which LifeLink acquired in good faith.

85.     By refusing to discontinue its use of the confusingly similar name "LIFELINK," LifeLink.com has willfully, deliberately, maliciously, intentionally, knowingly, and in bad faith violated, and continues to violate, the common law rights of LifeLink.

86.     LifeLink.com's acts of common law trademark infringement have caused irreparable injury to LifeLink and have resulted in, and will continue to result in, unjust enrichment to LifeLink.com unless LifeLink.com is enjoined by this Court from further violations of LifeLink's common law rights.

87.     LifeLink has no adequate remedy at law.

## COUNT VII
### Unfair Competition – Colorado Common Law

88.     LifeLink incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

89.     LifeLink.com's intentional and willful actions set forth above constitute unlawful "passing off" under Colorado unfair competition common law.

90.     LifeLink.com's actions have caused, and will continue to cause, irreparable injury to LifeLink and have resulted in, and will continue to result in, unjust enrichment to LifeLink.com unless LifeLink.com is restrained and/or enjoined by this Court from further violations of LifeLink's rights.

91.     LifeLink has no adequate remedy at law.

16

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, LifeLink requests that the Court enter judgment in its favor and to grant the following relief:

1.      That LifeLink.com's aforementioned acts be declared to be an infringement of LifeLink's registered trademarks in violation of the trademark laws of the United States, Title 15, United States Code, Section 1114 and 1125(a) and that LifeLink.com, its respective shareholders, directors, officers, agents, servants, employees, assigns, privies, affiliated companies, and all persons in active concert or participation with them, and all those controlled by them, be preliminarily and permanently enjoined from using the name "LIFELINK" or any other business or trade name that includes "LIFELINK" or any variation thereof in any manner whatsoever pertaining to its healthcare-related goods and/or services, including on its website, social media, and any other print or media;

2.      That LifeLink.com's aforementioned acts be adjudged to be unfair methods of competition, false designation of origin, and passing off, and that, by virtue thereof, LifeLink be awarded the preliminary and permanent injunctive relief set forth in paragraph 1 above;

3.      Pursuant to Title 15 United States Code, Section 1117 and 1111, that LifeLink.com be ordered to:

       a.     Account for and pay over to LifeLink all gains, profits, and advantages derived by it by said trademark infringement, false designations of origin, passing off, false advertising, and from its said unfair competition and deception and unfair trade practices; and

       b.     Pay LifeLink damages arising from the above-described acts in a just amount to be determined at the trial of this action and in accordance with Title 15, United States Code, Section 1117(a), together with costs, disbursements, and reasonable attorneys' fees;

4.     That this court adjudge that LifeLink.com's use of the name "LIFELINK" for a healthcare-related business is not a fair use of the LIFELINK Marks by LifeLink.com;

5.     That the aforesaid acts of LifeLink.com be adjudged to be trademark infringement and unfair competition under the common law of the State of Colorado and that LifeLink be granted injunctive relief and awarded damages as determined at trial;

6.     That LifeLink be awarded damages in the amount that LifeLink.com, by its wrongful conduct, has unjustly enriched itself;

7.     That LifeLink be awarded punitive damages in an amount to be determined at trial, by reason of LifeLink.com's willful, wanton, and intentionally deceptive conduct and infringing activities as set forth above;

8.     That LifeLink be awarded its costs and attorneys' fees; and,

9.     That LifeLink be awarded such other and further relief as this Court may deem just, proper, and equitable.

Dated: July 31, 2020.                      Respectfully submitted,


                                           *s/ Daniel N. Guisbond*
                                           Hugh Q. Gottschalk
                                           Daniel N. Guisbond
                                           Wheeler Trigg O'Donnell LLP
                                           370 Seventeenth Street, Suite 4500
                                           Denver, CO 80202
                                           Telephone:   303.244.1809
                                           Facsimile: 303.244.1879
                                           Email:   gottschalk@wtotrial.com
                                                    guisbond@wtotrial.com

                                           Dean A. Kent (*pro hac vice* forthcoming)
                                           TRENAM LAW
                                           101 East Kennedy Boulevard, Suite 2700
                                           Tampa, FL 33602
                                           Telephone:   813-223-7474
                                           Facsimile: 813-229-6553
                                           Email: dkent@trenam.com

                                           Attorneys for Plaintiff LifeLink Foundation, Inc.

## **VERIFICATION**

I, Jean Aiken Davis, am the President and Chief Executive Officer of LifeLink Foundation, Inc. ("LifeLink"), and I am authorized to sign this verification on LifeLink's behalf. I have read the foregoing Verified Complaint. The facts set forth therein are true and accurate to the best of my knowledge based on the information available to me.

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Jean Aiken Davis*
Jean Aiken Davis

Executed on July 31, 2020.

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

   I HEREBY CERTIFY that on July 31, 2020, I electronically filed the foregoing **VERIFIED COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system.

   I FURTHER CERTIFY that the foregoing Verified Complaint and Jury Demand is being served on counsel at the email address below:

Aardon D. Hendelman, Esq.
Email: ahendelman@wsgr.com

      *s/ Suzy Rosenkranz*