**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02274-RPM-SKC

LIFELINK FOUNDATION, INC.,

    Plaintiff,

v.

LIFELINK.COM, INC.,

    Defendant.

**UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

    Defendant LifeLink.com, Inc., by and through their counsel, pursuant to D.C.Colo.LCivR 7.2, respectfully requests that the Court place under "Level 1 Restricted Access" portions of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction ("Defendant's Opposition") and supporting Exhibit A (the Declaration of Greg Johnsen) stating as follows:

    1.    Pursuant to D.C.Colo.LCivR 7.1(a), counsel for Defendant have conferred with counsel for Plaintiff and is authorized to state that Plaintiff does not oppose this motion.

    2.    On August 21, 2020, the parties agreed to and moved this Court to enter a Stipulated Protective Order (ECF No. 17) to govern the production and use of certain materials related to the lawsuit, namely confidential business information, including marketing, financial, and customer information of the parties. The parties' joint motion for entry of the Stipulated Protective Order is still pending before the Court; however the parties agreed that it would

control with respect to disclosure of confidential information in connection with LifeLink.com's opposition and LifeLink Foundation's reply.

3. Pursuant to D.C.Colo.LCivR 7.2(c), motions to restrict must address, at a minimum, the following factors (1) the nature of the material or the proceeding at issue; (2) the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interests in question (e.g. redaction, summarization, limited sealing of exhibits or portions of exhibits).

4. Courts have supervisory powers over their own records and files and may "seal documents 'if the public's right of access is outweighed by competing interests.'" *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citing *In re Knight Publ'g Co.*, 743. F.2d 231, 235 (4th Cir. 1984)). The decision to limit access to records is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). When a party's competitively sensitive material is at issue, courts should "refuse[d] to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also SMB Site Servs., LLC v. Garrett*, No. 10-cv-000385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011) (citing *Nixon*) ("Access [to judicial records is] properly denied where court files might serve as a source of business information that could harm a litigant's competitive standing.").

5.      Due the highly confidential and sensitive nature of certain business, marketing, financial and customer information contained in portions of Defendant's Opposition and portions of Exhibit A, Defendant meets the requirements for restricting access.  Specifically, Defendant's business and competitive standing will be substantially harmed as a result of disclosing this confidential information; and this competitive harm outweighs the presumption of public access.

6.      Defendant therefore respectfully requests, and Plaintiff does not oppose, that portions of Defendant's Opposition and Exhibit A be granted Level 1 Restricted Access as follows:

      a.      Opposition:  Defendant will file in the public record a redacted version of its Opposition (which redacts specific references to confidential and sensitive competitive business, marketing, financial, and customer information) and requests that the original unredacted version of its Opposition be designated with a Level 1 Restricted Access; and

      b.      Exhibit A:   Defendant will file in the public record a redacted version of supporting Exhibit A (which redacts specific references to confidential and sensitive competitive business, marketing, financial, and customer information) and requests that the original unredacted version of Exhibit A be designated with a Level 1 Restricted Access.

WHEREFORE, for the reasons stated above, Defendant respectfully requests the Court grant this Motion and apply "Level 1 Restricted Access" to the relevant portions of Defendant's Opposition and Exhibit A.

August 25, 2020               Respectfully submitted,

                                            *s/Caroline McIntyre*
Daniel J. Bergeson
Caroline McIntyre
Susan Bower
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
dbergeson@be-law.com; cmcintyre@be-law.com; sbower@be-law.com

Hope Hamilton
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, Colorado 80302
hihamilton@hollandhart.com; ceradoci@hollandhart.com; docketingteam@hollandhart.com

**ATTORNEYS FOR DEFENDANT LIFELINK.COM, INC.**

4

## CERTIFICATE OF SERVICE

I hereby certify that on 8/25/2020, I served true copies of the following document(s) described as **UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

| | |
|---|---|
| Hugh Q. Gottschalk | Dean A. Kent |
| Daniel N. Guisbond | Trenam Law |
| Wheeler Trigg O'Donnell LLP | 101 East Kennedy Boulevard |
| 370 Seventeenth Street, Suite 4500 | Suite 2700 |
| Denver, CO 80202 | Tampa FL 33602 |
| Telephone: 303.244.1809 | Telephone:  813.223.7474 |
| Facsimile: 303.244.1879 | Facsimile:   813.229.6553 |
| gottschalk@wtotrial.com | dkent@trenam.com |
| guisbond@wtotrial.com | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ceradoci@hollandhart.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

*s/Craig Radoci*
Craig Radoci
